UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00134-FDW

| | |
|---|---|
| LYNN KAREN HOCK, )<br>)<br>Appellant, )<br>)<br>vs. )<br>)<br>U.S. DEPARTMENT OF EDUCATION, )<br>)<br>Appellee. )<br>) | ORDER |

THIS MATTER is before the Court *sua sponte* as to the status of this case. On October 28, 2021, the Court entered an Order requiring Appellant Lynn Karen Hock to show cause why her appeal should not be dismissed for failure to prosecute. (Doc. No. 4). Appellant's response was due by November 16, 2021. Id. On November 17, 2021, without receiving a response from Appellant, the Court entered an Order dismissing the case without prejudice for Appellant's failure to prosecute. (Doc. No. 5). On November 18, 2021, the Clerk of Court received Appellant's Response to the Court's Order to Show Cause, which included her designation of items to be included in the record on appeal and statement of issues to be presented. (Doc. No. 6). The envelope received confirms Appellant mailed her Response via UPS on November 12, 2021. (Doc. No. 6-3). The same day, prior to seeing Appellant's Response, the Clerk of Court entered judgment and terminated this case in accordance with this Court's November 17, 2021 Order (Doc. No. 5).

As an initial matter, the Court recognizes Rule 8009(a) of the Federal Rules of Bankruptcy Procedure requires "[t]he appellant [to] file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented… within 14 days after… the appellant's notice of appeal as of right becomes

effective…" Clearly, Plaintiff has failed to follow the procedural requirements of the bankruptcy rules. It is well settled that "an appellant's failure to 'take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court… deems appropriate, which may include dismissal of the appeal." Barake v. Hill, 124 F. App'x. 758, 759 (4th Cir. 2005) (quoting Fed. R. Bankr. P. 8001(a)). However, in "keeping in mind that dismissal is a 'harsh sanction which the district court must not impose lightly,'" and the fact that Defendant has not been prejudiced by Plaintiff's procedural failures, the Court uses its discretion to reopen the case for further proceedings on the merits. Id. (quoting In re Sierra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). Notwithstanding the foregoing, **the Court cautions Appellant that she must strictly comply with the Federal Rules of Bankruptcy Procedure, as her continued failure to comply with such rules may result in the immediate dismissal of her case.**

IT IS THEREFORE ORDERED that the Court's November 17, 2021 Order (Doc. No. 5) is VACATED, and this case is REOPENED to continue in due course.

As the Clerk of Court kindly forwarded Appellant's Response (Doc. No. 6) to the Bankruptcy Clerk on November 18, 2021, **the Court FURTHER ORDERS that Appellee U.S. Department of Education shall have fourteen (14) days from this Order, up to and including December 14, 2021, to file a designation of additional items to be included in the record, as set forth in Rule 8009(a)(2) of the Federal Rules of Bankruptcy Procedure.**

IT IS SO ORDERED.   Signed: November 30, 2021

_____
Frank D. Whitney
United States District Judge