UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00134-FDW

| | |
|---|---|
| LYNN KAREN HOCK, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| U.S. DEPARTMENT OF EDUCATION, ) | |
| ) | |
| Appellee. ) | |
| ) | |

THIS MATTER is before the Court on Appellant's Motion for E-mail Notice of Electronic Filing, (Doc. No. 13), and Appellant's second Motion for Extension of Time to File Appeal Brief, (Doc. No. 14). This case is before the Court on appeal from the Bankruptcy Court. Appellant, who is proceeding *pro se*, filed her Notice of Appeal, (Doc. No. 1), on March 31, 2021. For nearly seven months thereafter, this case sat dormant. During that time, Appellant failed to file the designation of items to be included in the record on appeal and a statement of the issues to be presented to the Court as required by Fed. R. Bankr. P. 8009(a). On October 28, 2021, the Court entered an Order compelling Appellant to show cause why her appeal should not be dismissed for failure to prosecute. See (Doc. No. 4). Appellant timely responded to the Court's Order, asserting she was "waiting for the Court to let [her] know what needed to be done." (Doc. No. 6, p. 2). Excusing Appellant's failure to comply with the Federal Rules of Bankruptcy Procedure, the Court, on December 15, 2021, set a January 14, 2022, deadline, in which Appellant was required to file her appeal brief. On January 11, 2022, Appellant filed her first Motion for Extension of Time to File Appeal Brief, (Doc. No. 10), wherein Appellant moved the Court to extend her deadline by sixty (60) days. On January 12, 2022, by Text-Only Order, the Court granted Appellant's Motion in part, extending her deadline by thirty

(30) days, up to and including February 10, 2022. Appellant now seeks an additional twelve (12) days in which to file her brief, asserting she is working alone and is limited to working a few hours daily due to health issues. (Doc. No. 14).

The Court sympathizes with Appellant's situation; however, it cannot ignore the fact that Appellant has now had nearly eleven months – from March 31, 2021, to the present – in which to prepare and file her appeal brief, nor can it ignore the fact that this case was originally filed close to three years ago. Moreover, although the Court recognizes the leniency typically afforded to *pro se* litigants, see Fitz v. Terry v. Terry, 877 F.2d 59, at *1 (4th Cir. 1989), it also acknowledges such leniency has its limitations, especially where the *pro se* litigant is a former practicing attorney, see Polidi v. Bannon, 226 F. Supp. 3d 615, 617, n.1 (E.D. Va. Dec. 28, 2016) (finding *pro se* plaintiffs who are practicing or former attorneys are not entitled to the lenient considerations accorded to typical *pro se* plaintiffs). Based on the foregoing, the Court does not find good cause exists to extend Appellant's deadline as requested. The Court nonetheless will grant Appellant an additional seven (7) days from the current February 10, 2022, deadline, up to and including February 17, 2022, in which to file her appeal brief. **Appellant shall take notice that her failure to comply with this deadline may result in dismissal of her case for failure to prosecute**, as, "aside from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases…" Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006)

IT IS THEREFORE ORDERED that Appellant's second Motion for Extension of Time to File Appeal Brief, (Doc. No. 14), is GRANTED WITH MODIFICATION. Appellant shall have an additional seven (7) days, up to and including February 17, 2022 in which to file her brief. **Appellant is hereby warned, however, that the Court will not grant any further extensions**

**of time for Appellant to file her appeal brief absent extraordinary, case-specific circumstances.**

IT IS FURTHER ORDERED that, for good cause shown, Appellant's Motion for E-Mail Notice of Electronic Filing, (Doc. No. 13), is GRANTED.

IT IS SO ORDERED.

Signed: February 8, 2022

Frank D. Whitney
United States District Judge